IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

BIANCA SANDERS                                                          PLAINTIFF
7511 Frontgate Dr., Apt. 303
Louisville, Kentucky 40228

                                        Case No. 3:21-CV-184-RGJ
                                                 _____

v.

                                        Judge Rebecca Grady Jennings
                                             _____

CONTRACT CALLERS, INC                                                   DEFENDANTS
501 Greene St., Third Floor, Suite 302
Augusta, Georgia 30901

          SERVE:     Corporation Service Company
                     421 West Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)


AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

          SERVE:     CSC-Lawyers Incorporating Service Co.
                     421 W. Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)


AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

          SERVE:     The Prentice Hall Corporation System
                     421 West Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

** ** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Bianca Sanders, by counsel, and for her Verified Complaint against

the Defendants, Contract Callers, Inc. ("CCI"), Equifax Information Services, LLC ("Equifax"),

and Trans Union, LLC ("Trans Union") states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes;

CCI's false reporting of an alleged delinquent account on Plaintiff's Equifax and Trans Union

credit reports; and Defendants' failure to correct CCI's false reporting on Plaintiff's credit reports.

## II. PARTIES

2.      Plaintiff, Bianca Sanders, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky, residing at 7511 Frontgate Dr., Apt. 303, Louisville, Kentucky

40228.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, CCI, is a corporation organized under the laws of the State of Georgia

and doing business in the Commonwealth of Kentucky, with its principal place of business at 501

Greene Street, Third Floor, Suite 302, Augusta, Georgia 30901.

5.      CCI is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C.

§1681s-2(b).

6.      Defendant, Equifax, is a corporation organized under the laws of the State of

Georgia and doing business in the Commonwealth of Kentucky, with its principal place of business

located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.      Equifax is a "consumer reporting agency that compiles and maintains files on

2

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.      Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky, with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

12.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky, as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV.  FACTUAL BACKGROUND

13.     In or around November 2020, Plaintiff accessed her Equifax and Trans Union credit reports and discovered both reporting a balance and "derogatory" account rating on her zero-balance Louisville Gas and Electric, now CCI, account.

14.     Immediately upon discovery of the false tradeline, Plaintiff disputed the alleged account to Equifax and Trans Union in writing.  Upon information and belief, Equifax and Trans

Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified CCI of the disputes at or within five (5) days of Equifax and Trans Union receiving notice.

15.   In December 2020, Plaintiff again accessed her Equifax and Trans Union credit reports, and the CCI tradeline was reporting with the same inaccuracies. Despite Plaintiff's lawful request for removal or amendment of the disputed item, pursuant to the FCRA, CCI, Equifax, and Trans Union failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report or amend Plaintiff's credit report.

16.   CCI's, Equifax's, and Trans Union's failure to investigate Plaintiff's dispute and their failure to maintain the accuracy of Plaintiff's credit history has damaged Plaintiff, in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to CCI's, Equifax's, and Trans Union's failure to properly investigate Plaintiff's dispute.

17.   The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's dispute and Defendants' false reporting of Plaintiff's alleged derogatory CCI account.  In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – CCI

18.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19.   CCI's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax and Trans Union of Plaintiff's alleged derogatory CCI account are violations of CCI's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

20.   CCI's violations of the FCRA amount to negligent non-compliance with the FCRA,

4

as stated in 15 U.S.C. §1681o, for which CCI is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

## Negligent Violation of the Fair Credit Reporting Act – Equifax

21.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20, as if fully set forth herein.

22.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline, despite knowledge of the falsity of the disputed items, are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

## Negligent Violation of the Fair Credit Reporting Act – Trans Union

25.     Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs, as if fully set forth herein.

26.     Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline, despite knowledge of the falsity of the disputed

items, are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

27.    Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

28.    Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – CCI

29.    Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

30.    CCI's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax and Trans Union of Plaintiff's alleged derogatory CCI account, despite CCI's knowledge of the falsity of its reporting, are willful violations of CCI's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

31.    Given CCI's knowledge of the falsity of its reporting, CCI's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which CCI is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

32.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 31, as if fully set forth herein.

33.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline, despite Equifax's knowledge of the falsity of the disputed items, are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

34.     Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

35.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

36.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 35, as if fully set forth herein.

37.     Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline, despite Trans Union's knowledge of the falsity of the disputed items, are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding

investigation of disputed items under 15 U.S.C. §1681i.

38.     Trans Union's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

39.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Bianca Sanders, respectfully demands the following:

1.    Trial by jury on all issues so triable;

2.    Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3.    For attorneys' fees and costs; and,

4.    Any and all other relief to which Plaintiff may appear to be entitled.



Respectfully submitted,


*/s/Emily H. Funk*
Emily H. Funk
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY  40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
EmilyFunk.hlolaw@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Bianca Sanders, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*Bianca Sanders*

Bianca Sanders

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Bianca Sanders on this 26 day of February _____, 2021.

Notary Public RHONDA ROSBOTTOM

Commission expires: March 28, 2022

10